UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>    Plaintiff,<br><br>    v.<br><br>MEEKS, et al.,<br><br>    Defendants. | No. 2:21-cv-00016 TLN CKD PS<br><br><u>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND</u> |

Plaintiff proceeds pro se in this action. This matter was referred to the undersigned by Local Rule 302(c)(21).

Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam).

////

## I. ALLEGATIONS IN THE COMPLAINT

Plaintiff brings this action against the Christian Life Church, the Cities of Stockton and Manteca, the Stockton Police Department, San Joaquin County, San Joaquin County Court, San Joaquin County Probation Department and several individually named defendants. Plaintiff appears to allege he was falsely arrested on charges of felony stalking after a Christian Life College student named Chloe filed a restraining order against him. Subsequently, plaintiff was arrested twice and pleaded guilty to criminal charges. The complaint provides few details about the arrests or conviction(s), except the arrests were "false;" one was for felony stalking and the second arrest occurred on November 30, 2020. (ECF No. 1 at 7-11, 13-14.)

Plaintiff alleges the San Joaquin County Superior Court, District Attorney's Office and Probation Office conspired with the Stockton Police Department to falsely convict him because of his status as a Christian man. (ECF No. 1 at 9, 13-14.) After his conviction, plaintiff was "banished" from the Christian Life Church. (Id. at 5, 25.)

Although the complaint fails to set forth consecutively numbered causes of action and fails to clearly identify which defendants are named for which claim, it appears plaintiff intends to bring claims for a conspiracy to deny his First Amendment rights under 42 U.S.C. sections 1983 and 1985 (ECF No. 1 at 4, 9), malicious prosecution (Id. at 10) and "False Retaliatory Arrest and Imprisonment" (Id. at 19).

## II. PLEADING STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts as true the complaint's factual allegations and construes the complaint in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In order to avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual

1  content that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by
3  mere conclusory statements, do not suffice." Id. at 662. A complaint must contain more than
4  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
5  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).

6  **III.    THE COMLAINT FAILS TO STATE A CLAIM**
7      **A. Failure to comply with Rule 8**
8      Plaintiff's 33-page complaint does not contain a short and plain statement as required by
9  Fed. R. Civ. P. 8(a)(2). The factual allegations are difficult to discern, as they are not organized
10 by timeline or topic. Neither the facts nor the causes of action are consecutively numbered. The
11 allegations in plaintiff's complaint are so vague and jumbled that the court is unable to discern
12 with certainty what causes of action plaintiff intends to bring, and against whom, and what factual
13 allegations support those causes of action.
14     Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
15 notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev.
16 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's complaint is filled with recitals of the law
17 and conclusions but is sparse on factual content that allows the court to draw the reasonable
18 inference that any of the defendants are liable for the misconduct alleged. On this basis, the
19 complaint must be dismissed for failure to state a colorable claim for relief. See McHenry v.
20 Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one
21 cannot determine from the complaint who is being sued, for what relief, and on what theory, with
22 enough detail to guide discovery").
23     Because it is not absolutely clear that amendment could not cure the defects, plaintiff will
24 be granted leave to amend his claims to attempt to provide the necessary factual support for each
25 claim. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). To assist plaintiff, the court
26 provides the following legal standards. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)
27 (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when
28 dismissing a complaint with leave to amend).

**B. The Heck-bar**

All of plaintiff's claims appear to be barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("Heck"). Under Heck, a section 1983 claim that would call into question the lawfulness of a plaintiff's conviction is not cognizable until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. The relevant question is whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

The Heck bar applies to claims asserting a lack of probable cause to arrest, including false arrest claims. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). The Heck bar likewise applies to malicious prosecution and related conspiracy claims. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him). Finally, the Heck bar applies to retaliation claims when a judgment in the plaintiff's favor would necessarily imply the invalidity of his criminal conviction. See Moschref v. Stratton, 697 Fed. Appx. 532, 533 (9th Cir. 2017); Vohra v. City of Placentia, 683 F. App'x 564, 566-67 (9th Cir. 2017); Smith v. Ball, 278 F. App'x 739, 741 (9th Cir. 2008) (retaliation claim barred by Heck "because prevailing on [plaintiff's] claim would imply the invalidity of her criminal convictions arising from the same events").

In short, Heck prevents plaintiff from bringing any claim that would imply the invalidity of his conviction. It thus appears that all of plaintiff's claims- for false arrest, malicious prosecution, retaliation and conspiracy- are barred by Heck, because prevailing on any of these claims would require plaintiff to imply that his criminal conviction(s) are invalid. See Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2003) (citing Heck, 512 U.S. at 487 n. 6) (holding that an important touchstone in deciding whether Heck bars a Section 1983 claim for

1 damages is "whether [plaintiff] could prevail only by negating 'an element of the offense of
2 which he has been convicted.'"). Although it appears all of plaintiff's claims may be Heck-barred,
3 such a conclusion is not entirely clear due to the vague allegations of the complaint and missing
4 factual support for each claim. Since the allegations of the complaint do not clearly demonstrate
5 whether plaintiff's claims are Heck-barred, plaintiff will be afforded an opportunity to file an
6 amended complaint with the necessary factual support for each claim.

    **C. False Arrest**

"A claim for unlawful arrest is cognizable under [42 U.S.C.] § 1983 as a violation of the Fourth Amendment provided that the arrest was made without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause for a warrantless arrest exists when, under the totality of circumstances, a prudent law enforcement officer would conclude there is a fair probability that the suspect has committed a crime. Hart v. Parks, 450 F.3d 1059, 1065-66 (9th Cir. 2006).

Plaintiff alleges he was arrested without probable cause, but fails to plead adequate factual allegations about the circumstances of the arrests to support his bare conclusion that probable cause was lacking. Using the label or conclusion that probable cause was lacking does not suffice to state a valid claim. See Twombly, 550 U.S. at 555. In addition, if plaintiff's false arrest claim implicates the validity of his conviction, then it is Heck-barred. See Smithart, 79 F.3d at 952.

    **D. Malicious Prosecution**

To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege the defendants prosecuted him with malice and without probable cause, and for the purpose of denying him a specific constitutional right. Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1204 (9th Cir. 2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). In addition, plaintiff must allege the "termination of the . . . proceeding in [his] favor." Heck, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

////

Plaintiff fails to allege the criminal proceeding related to his false arrest(s) was terminated in his favor. Instead, plaintiff alleges he pleaded guilty to criminal charges. (ECF No. 1 at 9.) Plaintiff cannot state a valid malicious prosecution claim in relation to a proceeding in which he pleaded guilty to criminal charges. See Heck, 512 U.S. at 484; Martin v. City of Boise, 902 F.3d 1031 (9th Cir. 2018) (holding malicious prosecution claimant must "demonstrate a favorable termination of the criminal proceedings before seeking" relief under § 1983) (citation omitted).

### E. Conspiracy

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (citation omitted). In order to state a claim for relief, a plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). In addition, the allegations must show that an actual deprivation of constitutional rights resulted from the alleged conspiracy. Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir. 1989).

"A plaintiff alleging a conspiracy under [42 U.S.C.] § 1985(3) must establish: [1] the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; [2] an act in furtherance of the conspiracy; [3] and a resulting injury." Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) (citation omitted). Regarding the first element, the plaintiff must establish some racial or otherwise class-based invidious discriminatory animus for the conspiracy. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-69 (1993).

Plaintiff has not stated a cognizable conspiracy claim. See Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988) (holding a mere allegation of conspiracy, without factual specificity, is insufficient to state a claim). The conclusory allegations in the complaint lack the factual specificity to support a plausible inference that any defendants agreed to violate plaintiff's constitutional rights or that an actual deprivation of his constitutional rights occurred. In addition, as set forth, the conspiracy claim appears to be Heck-barred. See Guerrero, 442 F.3d at 703.

6

### F. Retaliation

To state a retaliation claim under the First Amendment, a plaintiff must allege "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016).

In the context of retaliatory arrest, a plaintiff must (1) "demonstrate that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity;" and (2) "prove that the officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct." Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013). An arrest without probable cause is sufficient to establish the first element. Beck v. City of Upland, 527 F.3d 853, 869 (9th Cir. 2008). A finding of probable cause will not, however, necessarily defeat a retaliatory arrest claim. See Skoog v. Cty. of Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006). A plaintiff must ultimately prove the but-for cause of these acts was defendants' desire to punish him for constitutionally protected activity. See Hartman v. Moore, 547 U.S. 250, 259 (2006).

In this case, it appears plaintiff may not be able to show causation without undermining the factual basis on which his conviction rests. A retaliation claim is Heck-barred when a judgment in plaintiff's favor on a retaliation claim would necessarily imply the invalidity of his criminal conviction(s). See Moschref, 697 Fed. Appx. at 533 (retaliation claim barred by Heck because showing that arresting officer's statements were false would imply invalidity of plaintiff's conviction); Vohra, 683 F. App'x at 566-67 (when plaintiff claimed he was arrested in retaliation for prior complaints, his challenge to initial traffic stop for driving without front license plate was barred by Heck because he was convicted of that infraction, but he could proceed on retaliatory-arrest claim as to charge of evading officer, which did not result in conviction); Smith, 278 F. App'x at 741 (retaliation claim barred by Heck "because prevailing on [plaintiff's] claim would imply the invalidity of her criminal convictions arising from the same events").

////

1   If plaintiff's retaliatory arrest claim implicates the validity of his conviction, then it is
2   Heck-barred. In addition, however, the complaint fails to plead adequate factual allegations to
3   state a retaliation claim. Using the labels or conclusions of "retaliation" and "false retaliatory
4   arrest" does not suffice to state a valid claim. Twombly, 550 U.S. at 555.

**G.  Eleventh Amendment Immunity and Official Capacity Suits**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities[.]" Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

The San Joaquin County Superior Court is an agency of the state, and suits against the court itself or its employees in their official capacity for monetary damages are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding a suit against the Superior Court is a suit against the state and are barred by the Eleventh Amendment); Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003) (suits against a county superior court or its employees are barred by the Eleventh Amendment).

Plaintiff also names as defendants a police officer, a sheriff's deputy and an employee of the probation department. (ECF No. 1 at 1.) Plaintiff does not state whether these individuals are named in their individual capacity or official capacity. Plaintiff is informed that "sovereign immunity extends to… damage claims against state officials acting in their official capacity." Braunstein v. Arizona Dept. of Transp., 683 F.3d 1177, 1188 (9th Cir.2012).

**H.  Plaintiff's "Amendment Notice" (ECF No. 3)**

Subsequent to filing his complaint, plaintiff filed a document entitled "Amendment Notice." (ECF No. 3.) Plaintiff is cautioned that piecemeal pleadings and piecemeal amendments to pleadings are generally not allowed. The court cannot refer to a prior or subsequent pleading in order to make complete any amended complaint, complete. Local Rule 220 requires that an

amended complaint be complete in itself without reference to any prior pleading because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  CONCLUSION

The complaint must be dismissed because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2). While it appears all of plaintiff's claims may be Heck-barred, such a conclusion is not absolutely clear due to the missing factual content that is necessary to state valid claims. Although plaintiff may not ultimately be able to state a valid claim due to his conviction(s), the court will grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d at 248 ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint." In any amended complaint, plaintiff must allege with at least some degree of particularity the specific acts that each defendant engaged in that support plaintiff's claim, see Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984), and must make clear which defendants are being sued for what conduct, and in which causes of action, see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal which will result in the case being dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice, and the Guidelines set forth herein; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 5, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Whitsitt.21cv16.screen