UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>          Plaintiff,<br><br>    v.<br><br>MEEKS, et al.,<br><br>          Defendants. | No.  2:21-cv-00016-TLN-CKD PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

       This action was referred to the undersigned pursuant to Local Rule 302(c)(3) and 28 U.S.C. § 636(b)(1). Plaintiff's original pro se complaint filed on January 4, 2021 attempted to assert claims under 42 U.S.C. sections 1983 and 1985. (ECF No. 1.) In an order dated April 5, 2021, the court screened the complaint pursuant to 28 U.S.C. § 1915(e) and ordered its dismissal for failure to state a claim and failure to meet the pleading standards of the Federal Rule of Civil Procedure. Plaintiff was granted leave to file an amended complaint.

       On May 14, 2021, findings and recommendations were entered recommending that this action be dismissed for failure to state a claim and failure to prosecute because plaintiff had not yet filed an amended complaint. Plaintiff filed objections to the findings and recommendations and requested leave to file a first amended complaint. (ECF Nos. 9, 11, 13.) Plaintiff's requests are granted in that the first amended complaint (ECF No. 12) is deemed timely filed and is now before the court for screening. See 28 U.S.C. § 1915(e)(2)(B).

1

## I.     PLEADING STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement for each claim that shows the pleader is entitled to relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

When considering whether a complaint states a claim upon which relief can be granted, the court accepts the factual allegations as true and construes the complaint in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). While factual allegations are accepted as true, legal conclusions are not, and courts are not required to indulge unwarranted inferences. Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

Although pro se litigants are entitled to have their pleadings liberally construed and to have doubts resolved in their favor, Eldridge, 832 F.2d at 1137, a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In order to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against the Christian Life Church, the City of Stockton, the City of Manteca, the Stockton Police Department, San Joaquin County, San Joaquin County Court, San Joaquin County Probation Department and a handful of individually named defendants, including a police officer, a probation officer, and individuals associated with the Christian Life Church. Plaintiff alleges he was falsely arrested on charges of felony stalking after a student at Christian Life College filed a restraining order against him. Plaintiff further alleges a pastor of the Christian Life Church sent a hit man dressed in a police uniform to plaintiff's house to kill

plaintiff and that the police officers who arrested him in his home were acting outside the scope of their jurisdiction.

Plaintiff subsequently pleaded guilty to the criminal charges for which he was arrested. Although he pleaded guilty, plaintiff alleges his conviction resulted from a conspiracy involving judicial bribery. After his conviction, plaintiff was not allowed to attend Bible College at Christian Life College, which he alleges has prevented him from pursuing a career in ministry.

### III.     FALSE ARREST, MALICIOUS PROSECUTION, RETALIATION AND CONSPIRACY

The court's original screening order identified several deficiencies in plaintiff's original complaint as to plaintiff's intended claims for false arrest, malicious prosecution, retaliation, and/or conspiracy. These deficiencies have not been corrected in the first amended complaint. Specifically, the first amended complaint is replete with legal conclusions but does not set forth factual allegations to support a claim for false arrest, malicious prosecution, retaliation and/or conspiracy.

Moreover, such claims are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("Heck"), in that plaintiff was arrested and pleaded guilty to criminal charges in connection with the events described in the first amended complaint. These claims are barred because prevailing on these claims would require plaintiff to imply that his criminal conviction is invalid. See Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2003).

Accordingly, plaintiff's claims for false arrest, malicious prosecution, retaliation, and conspiracy are not cognizable unless and until he can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87. In addition, as plaintiff was previously advised, suits for money damages against an agency of the State, including the superior court, are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). For all these reasons, plaintiff cannot state a cognizable claim for false arrest, malicious prosecution, retaliation, and/or conspiracy.

### IV.     FREE EXERCISE OF RELIGION

The first amended complaint states plaintiff intends to bring a cause of action for a violation of his right to the free exercise of religion. There are, however, no factual allegations to support such a cause of action.

The Free Exercise Clause of the First Amendment prevents the government from restricting an individual's religious beliefs. See Employment Division, Dept. of Human Resources of Oregon, et al. v. Smith, 494 U.S. 872, 877 (1990). To state a claim for a violation of the right to free exercise of religion, a plaintiff must allege facts demonstrating (1) the defendant acted under color of state law, and (2) the defendant deprived him of his rights secured by the Free Exercise Clause. San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1030-31 (9th Cir. 2004).

Plaintiff appears to allege his first amendment rights were violated when he was not permitted to attend Bible College at Christian Life College. Such allegations do not involve the establishment of religion or the prohibition thereof. Plaintiff further does not identify any law that has burdened his exercise of religion. Accordingly, plaintiff fails to state a valid claim under the First Amendment for a violation of his free exercise of religion. See San Jose Christian College, 360 F.3d at 1030-31.

In addition, the first amended complaint does not include any plausible factual allegations that a person acting under color of state law has burdened plaintiff's rights under the First Amendment. The individuals who are affiliated with the Christian Life Church can only be sued under 42 U.S.C. sections 1983 and/or 1985 if they conspired with state actors to violate plaintiff's civil rights. See Melara v. Kennedy, 541 F.2d 802, 804-05 (9th Cir.1976). Although plaintiff states in a conclusory fashion that the defendants have engaged in a conspiracy, plaintiff has not named any state actors who are proper defendants for a claim under the First Amendment and linked them to the alleged harm with factual allegations to support a conspiracy claim. Moreover, to the extent plaintiff would base his First Amendment claim on any theory that would imply the invalidity of his criminal conviction, such a claim would be Heck-barred unless and until plaintiff can prove that his conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87.

For all these reasons, plaintiff fails to state a valid claim under the First Amendment. In addition, based on these deficiencies, granting further leave to amend would not facilitate plaintiff to state a valid claim under the First Amendment premised on the facts alleged.

### V.    CIVIL "RICO" CONSPIRACY

The first amended complaint additionally states plaintiff intends to bring a RICO conspiracy claim. Among the remedies included by Congress in the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, is a private right of action for treble damages available to "[a]ny person injured in his business or property by reason of a violation of section 1962" of the Act." Id. § 1964(c). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

Although the first amended complaint states plaintiff is asserting a RICO claim, the court is unable to identify any facts that could support a valid civil RICO claim. Mere identification of a cause of action, without any supporting factual allegations, cannot suffice to state a claim. Iqbal, 556 U.S. at 678. Moreover, plaintiff cannot state a valid civil RICO claim based on the events described in the complaint.

### VI.    CONCLUSION

Although the Federal Rules of Civil Procedure favor liberal amendment, valid reasons for denying further leave to amend include undue delay, bad faith, prejudice, and futility. California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Given the defects noted, granting further leave to amend in this case would be futile.

////

////

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed on May 14, 2021 (ECF No. 6) are vacated; and

2. Plaintiff's requests to file an amended complaint and for an extension of time to file an amended complaint (ECF Nos. 9, 11, 13) are granted to the extent that the first amended complaint (ECF No. 12) is deemed timely filed.

In addition, IT IS HEREBY RECOMMENDED:

1. This action be dismissed without leave to amend for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.whitsitt.0016.screenfac